## M'MULLIN, EXECUTOR OF BOWIE v. DAY, ADMINISTRATRIX OF DAY.

### January 23, 1836.

*Rule to show cause why the heirs of defendant's intestate should not be permitted to take defence in the name of defendant.*

Where the administrator is sued, and the heirs of the decedent are interested in the event of the suit, on their application, the court will permit them to appear and take defence on the merits in the name of the administrator.

The court will impose terms where they deem it neceasary.

THIS was a rule to show cause why William M'Kinney and others, heirs of William Day, should not be permitted to appear and take defence in the name of the administratrix.

*Chew*, in support of the rule, produced a certified copy of the will of Jane Bowie, showing that Jane Day, in her individual right, was interested in the fund claimed from the estate of William Day ; and

(*a*)  See act of the 16th of June 1836, sect. 22.

[M'Mullin v. Day.]

certain depositions, alleging that William M'Kinney and the other persons mentioned in the rule, were the heirs of William Day, and had an interest in the suit. He cited, 13 *Serg. & Rawle* 1.

*M'Call* opposed the rule, and cited, 34th section of the act of 24th of February 1834; 4 *Binn.* 61; 8 *Serg. & Rawle* 452; 6 *Serg. & Rawle* 44; 7 *Serg. & Rawle* 1; *Sugd. on Vend.* 219.

The opinion of the Court was delivered by

PETTIT, *President.*—The obvious principles of justice and policy require, that where the heirs interpose, their right to defend should be liberally encouraged. This was expressly laid down in Fritz *v.* Evans, 13 *Serg. & Rawle* 1, where the heirs had an interest in respect of the land. The reason of the rule is precisely the same where they have an interest in personal property constituting the fund. The heirs here avow a disposition to try the case fairly upon its original merits. While then the administratrix should not be allowed to do any act to the prejudice of the heirs, she should be left at liberty to exercise her discretion as to the question, whether the statute of limitation should or should not be pleaded. The rule therefore is made absolute, upon condition that the heirs shall not plead the statute of limitation, but shall try the cause, in all respects, upon its merits.

Rule absolute.